UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| OPTIMA STEEL INTERNATIONAL, LLC.,<br><br>　　　　　Plaintiff<br><br>　　　　　v.<br><br>UNITED STATES<br><br>　　　　　Defendant. | Court No. 23-00108 |

# COMPLAINT

Optima Steel International, LLC ("Optima Steel" or "Plaintiff"), by and through its counsel, states the following claims against Defendant, the United States:

## INTRODUCTION

1. Plaintiff seeks judicial review of the U.S. Department of Commerce's ("Commerce") final results of antidumping duty administrative review and final determination of hot-rolled steel flat products from Japan, covering the period October 1, 2020, through September 30, 2021. *See Certain Hot-Rolled Steel Flat Products From Japan: Final Results of Antidumping Duty Administrative Review; 2020-2021*, 88 Fed. Reg. 28,500 (Dep't of Commerce May 4, 2023) (Case No. A-588-874) ("*Final Results*"). The Department's analysis of issues raised in the *Final Results* is contained in, *inter alia*: "Issues and Decision Memorandum for the Final Results of the Antidumping Duty Administrative Review: Certain Hot-Rolled Steel Flat Products from Japan; 2020-2021", issued on April 28, 2023 ("*Final I&D Memo*").

## JURISDICTION

2. The Court has jurisdiction over this action pursuant to 19 U.S.C.§ 1516a(a)(2)(A)(i)(I) and 19 U.S.C.§ 1516a(2)(B)(iii) to review a final affirmative less than fair value determination issued by Commerce under 19 U.S.C. § 1675.  This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

3. Optima Steel is a U.S. importer of Certain Hot-Rolled Steel Flat Products from Japan ("subject merchandise").  Plaintiff Optima Steel is an interested party as defined in 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3), and a party that fully participated in the proceeding now being challenged. Accordingly, Optima Steel has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

4. Commerce published notice of its determination in the 2020-2021 review of the antidumping duty ("AD") order on Certain Hot-Rolled Steel Flat Products from Japan on May 4, 2023.  *See Final Results*.

5. This action was commenced with the filing of the Summons on May 22, 2023, which is within 30 days of the publication of the *Final Results*.  Accordingly, this action is timely filed under 19 U.S.C. § 1516a(a)(2)(A).

## STATEMENT OF FACTS

6. On November 29, 2021, Commerce initiated its administrative review for the AD duty order on certain hot-rolled flat steel products from Japan for the review period from October 1, 2020, through September 30, 2021. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 Fed. Reg. 67,685 ((Dep't of Commerce Nov. 29, 2021). Tokyo Steel Manufacturing Co., Ltd. ("Tokyo Steel") was among the two Japanese producers/exporters of subject merchandise identified by Commerce.

7. On January 10, 2022, Commerce released U.S. import data from Customs and Border Protection ("CBP") for the purpose of respondent selection, and provided an opportunity for interested parties to comment on these data. *See Memorandum, "Administrative Review of the Antidumping Duty Order on Certain Hot-Rolled Steel Flat Products from Japan: Release of U.S. Customs Entry Data for Respondent Selection*, dated April 10, 2022 ("*CBP Data Memorandum*").

8. On January 18, 2022, Tokyo Steel submitted comments on that CBP data. Tokyo Steel noted that the total quantity of subject hot-rolled steel imports which were produced by Tokyo Steel that entered the United States during the POR was actually higher than the one recorded on the Customs data run form released by Commerce. Tokyo Steel's comments demonstrated that when Commerce utilized the corrected import quantities, Tokyo Steel exported quantities were in fact substantially similar to volumes exported in reviews where it was selected as a mandatory respondent, and thereby should

be selected as a mandatory respondent for the administrative review at issue. *See Tokyo Steel's Comments on CBP Data*, and accompanying attachments Exhibits 1 and 2, dated January 18, 2022.

    9.    On February 23, 2022, Commerce issued its Respondent Selection Memorandum for the 2020-2021 review. Commerce agreed with Tokyo Steel regarding the correct aggregation of the import volume as exported by Tokyo Steel during the POR. However, due to "the large number of exporters or producers involved in the review", which in this case was only two, Commerce concluded that the exports of Nippon Steel Corporation ("NSC") were representative of the industry because they accounted to the majority of hot-rolled steel imported from Japan during the POR. As a consequence, Commerce selected NSC as the sole mandatory respondent. *See Memorandum to Melissa Skinner from Jun Jack Zhao regarding Respondent Selection for the 2020- 2021 Antidumping Duty Administrative Review of Certain Hot-Rolled Steel Flat Products from Japan* , dated February 23, 2022 ("*First Respondent Selection Memo*").

    10.    On March 4, 2022, Tokyo Steel filed a request for reconsideration of Commerce's respondent selection, and in the alternative, request for voluntary respondent treatment. Tokyo Steel specifically argued that Commerce's decision to limit the number of respondents in the 2020-2021 review was without basis in the statute, inconsistent with past practice, and unsupported by information on the record. Tokyo Steel further advanced multiple reasons as to why Commerce should accept it as a voluntary respondent. *See Tokyo Steel's Request for Reconsideration of Respondent Selection and Request for Voluntary Respondent Treatment in the Alternative*, dated March 4, 2022.

11.     On April 6, 2022, Commerce determined that due to limited resources, it was not possible to individually examine Tokyo Steel as a mandatory respondent or a voluntary respondent in the administrative review. The memorandum specifically states: "due to Commerce's current resource constraints, and the practical considerations outlined above, it would not be practicable to individually examine both NSC and Tokyo Steel in this administrative review". *See Respondent Selection for the 2020-2021 Antidumping Duty Administrative Review of Certain Hot-Rolled Steel Flat Products from Japan*, dated April 6, 2022 ("*Second Respondent Selection Memo*").

12.     Notwithstanding the above, Tokyo Steel timely filed its Section A, Section B, Section C, and Section D responses as a voluntary respondent.

13.     On October 27, 2022, Commerce published its Preliminary Issues and Decision Memorandum. *See Decision Memorandum for the Preliminary Results of Antidumping Duty Administrative Review: Certain Hot-Rolled Steel Flat Products from Japan; 2020-2021*, dated October 27, 2022 ("*Prelim I&D Memo*").

14.     On November 2, 2022, Commerce published its preliminary AD determination in the *Federal Register*. That notice showed a calculated dumping margin of 7.81 percent for NSC. As one of the Non-Examined Companies, Tokyo Steel's dumping margin was also set at 7.81 percent. *See Certain Hot-Rolled Steel Flat Products From Japan: Preliminary Results of Antidumping Duty Administrative Review: 2020-2021*, 87 Fed. Reg. 66130 (Dep't of Commerce Nov. 2, 2022) ("*Preliminary Results*").

15.     On December 2, 2022, Optima Steel filed its Case Brief in conjunction with Tokyo Steel contesting Commerce's respondent selection decision and arguing that

Commerce's decision not to select Tokyo Steel as a mandatory respondent was unlawful, and also should accept Tokyo Steel as a voluntary respondent in the final results and calculate an individual margin for the company.

16. On April 28, 2023, Commerce issued its *Final I&D Memo*. Commerce declined to treat Tokyo Steel as a voluntary respondent and did not calculate a margin for the company. *See Final I&D Memo*.

17. On May 4, 2023, Commerce published its *Final Results* assigning an AD assessment rate of 7.72 percent for NSC and the Non-Examined Companies, including Tokyo Steel. *See Final Results*.

## STATEMENT OF CLAIMS

18. In the following respects, and for other reasons apparent from the administrative record of the underlying 2020-2021 AD administrative review, Commerce's decision in the *Final Results* is not supported by substantial evidence on the record and otherwise not in accordance with law.

**Count 1:    Commerce's Respondent Selection Decision Was Inconsistent With The Department's Statutory Obligations and Therefore Unlawful**

19. Optima Steel hereby realleges and incorporates by reference paragraphs 1 through 18.

20. The provisions of 19 U.S.C. § 1677f-1(c)(2) set out the specific findings that Commerce must make when it determines to limit the number of exporters it will examine. The analysis presented in Commerce's determination does not comport with

the statutory scheme and relies on Commerce's workload as the basis for declining to select Tokyo Steel. As a result, the analysis was unlawful.

**Count 2:    Commerce's Respondent Selection Determination Was Inconsistent With Its Prior Practice and Therefore Unlawful**

21. Optima Steel hereby realleges and incorporates by reference paragraphs 1 through 20.

22. In previous reviews under this order, Commerce did select Tokyo Steel when it exported similar amounts of steel. In the challenged review, Commerce based its decision on the premise that selecting only NSC was representative of the industry in Japan. This was, however, a departure from its past practice regarding reviews under this order which Commerce failed to explain. This is a further reason that Commerce's failure to select Tokyo Steel was unlawful.

**Count 3:    Commerce's Conclusion That Tokyo Steel Did Not Meet The Standard To Be Considered A Voluntary Respondent Was Not Supported By Substantial Evidence and Unlawful**

23. Optima Steel hereby realleges and incorporates by reference paragraphs 1 through 22.

24. In view of Commerce's respondent selection decision, Tokyo Steel requested that it be treated as a voluntary respondent in lieu of being selected as a mandatory respondent. Commerce nonetheless rejected Tokyo Steel's request despite the fact that Tokyo Steel complied with the regulatory requirements for such treatment. As a result, Commerce's determination was inconsistent with its regulations and the record.

**Count 4:    In The Alternative, The AD Rate Assigned To Tokyo Steel Was Not Supported By Substantial Record and Otherwise Not In Accordance with Law**

25. Optima Steel hereby realleges and incorporates by reference paragraphs 1 through 24.

26. To the extent that Commerce continues to apply NSC's rate to Tokyo Steel it must make the adjustments to that calculation consistent with the arguments made below regarding the deduction of Section 232 duties and the application of the Cohen's *d* test.

27. Commerce's determination on these points in the underlying determination were unlawful and inconsistent with the record and must be remanded for further consideration.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, for the foregoing reasons, Optima Steel prays that this Court enter judgment as follows:

(A)     Enter judgment in favor of Optima Steel;

(B)     Hold as unlawful Commerce's *Final Results* in the contested administrative review that are the subject of this Complaint,

(C)     Remand this proceeding to Commerce with instructions to publish revised *Final Results* in conformity with the Court's decision; and

(D)     Grant Plaintiff such additional relief as the Court may deem just and proper.

                                   Respectfully submitted,

                                   <u>/s/ Daniel L. Porter</u>

                                   Daniel L. Porter
                                   James P. Durling
                                   James C. Beaty
                                   Ana M. Amador Gil
                                   Katherine Afzal

                                   **Curtis Mallet-Prevost, Colt & Mosle LLP**
                                   1717 Pennsylvania Avenue, N.W.
                                   Washington, D.C. 20006
                                   202-452-7373

                                   *Counsel for Optima Steel*
                                   *International, LLC*

May 22, 2023