IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| OPTIMA STEEL INTERNATIONAL, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Court. No. 23-00108 |
| UNITED STATES, | ) |
| Defendant, | ) |
| NUCOR CORPORATION, | ) |
| Defendant-Intervenor. | ) |

ORDER

Upon consideration of defendant's unopposed motion for voluntary remand to the Department of Commerce to allow Commerce to treat Tokyo Steel Manufacturing Co., Ltd. as a mandatory respondent in its administrative review, it is hereby

ORDERED that defendant's motion is granted, and that this matter is remanded to Commerce to treat Tokyo Steel as a mandatory respondent; and it is further

ORDERED that Commerce shall file remand results with the Court no later than 180 days from the date of this order; and it is further

ORDERED the parties shall file a joint status report stating how the parties believe this matter should proceed, and, if necessary, a proposed scheduling order, no later than 14 days after Commerce files the remand results.

Dated: _____
New York, NY                                              _____
                                                          Stephen Alexander Vaden, Judge

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

|  |  |
|---|---|
| OPTIMA STEEL INTERNATIONAL, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> NUCOR CORPORATION, ) <br> ) <br> Defendant-Intervenor. ) <br> ) | Court. No. 23-00108 |

## DEFENDANT'S UNOPPOSED MOTION FOR VOLUNTARY REMAND

Pursuant to Rules 6(b) and 7(b) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court vacate the current briefing schedule and remand to the Department of Commerce the final results of the administrative review of the antidumping duty order covering hot-rolled steel flat products from Japan, covering the period of October 1, 2020, through September 30, 2021.  *See Certain Hot-Rolled Steel Flat Products From Japan: Final Results of Antidumping Duty Administrative Review; 2020-2021*, 88 Fed. Reg. 28,500 (Dep't of Commerce May 4, 2023) (*Final Results*). Should the Court grant this request, Commerce intends, on remand, to treat Tokyo Steel Manufacturing Co., Ltd. (Tokyo Steel) as a mandatory respondent in the administrative review. On August 4, 2023, counsel for defendant consulted with Daniel Porter, counsel for plaintiff, Optima Steel International, LLC (Optima Steel), who indicated that Optima Steel consents to this

motion.  On August 4, 2023, counsel for defendant consulted with Chris Weld, counsel for defendant-intervenor, Nucor Corporation, who indicated that Nucor takes no position with respect to this motion.

## BACKGROUND

In November 2021, Commerce initiated its administrative review of the antidumping duty order covering certain-hot rolled steel products from Japan for the review period of October 1, 2020, through September 30, 2021.  Compl. ¶ 6.  Tokyo Steel was among the two Japanese producers/exporters of subject merchandise identified by Commerce.  *Id.*  Nippon Steel Corporation (NSC) was the other.  *Id.*

When making its respondent selection determination, Commerce concluded that the exports of NSC were representative of the industry because they accounted for the majority of hot-rolled steel imported from Japan during the period of review.  Compl. ¶ 9.  Accordingly, Commerce selected NSC as the sole mandatory respondent.  *Id.*

Tokyo Steel requested that Commerce reconsider its respondent selection or alternatively, allow Tokyo Steel to receive voluntary respondent treatment.  Compl. ¶ 10.  However, Commerce determined that it was not possible to individually examine Tokyo Steel either as a mandatory respondent or voluntary respondent.  Compl. ¶ 11.  Even so, Tokyo Steel timely filed complete questionnaire responses as a voluntary respondent.  Compl. ¶ 12.

In November 2022, Commerce published its preliminary results.  *See Certain Hot-Rolled Steel Flat Products From Japan: Preliminary Results of Antidumping Duty Administrative Review: 2020-2021*, 87 Fed. Reg. 66,130 (Dep't of Commerce Nov. 2, 2022).  Commerce preliminarily calculated dumping margin of 7.81 percent for NSC.  *Id.* at 66,131.  As a non-examined company subject to the all-others rate, Tokyo Steel was also preliminarily assigned a

dumping margin at 7.81 percent. *Id.* Optima Steel, a U.S. importer of Tokyo Steel's products, filed its administrative case brief in conjunction with Tokyo Steel contesting Commerce's respondent selection. Compl. ¶ 15. In Commerce's final results, Commerce declined to treat Tokyo Steel as a mandatory respondent or voluntary respondent and did not calculate a dumping margin for the company. Instead, Commerce assigned an antidumping duty assessment rate of 7.72 percent for NSC and the non-examined companies, including Tokyo Steel. *Final Results*, 88 Fed. Reg. at 28,501.

Optima Steel subsequently filed this action seeking review of Commerce's final results. Specifically, Optima Steel challenges Commerce's respondent selection as inconsistent with Commerce's statutory obligation, inconsistent with Commerce's prior practice, and unsupported by substantial evidence with respect to Tokyo Steel's request to be considered a voluntary respondent. Compl. ¶¶ 19-24. Alternatively, Optima Steel argues that if Commerce continues to apply NSC's rate to Tokyo Steel, Commerce's final determination should be remanded because Commerce improperly deducted Section 232 duties from NSC's U.S. prices and because Commerce failed to apply the Cohen's *d* test. Compl. ¶ 26.

Should the Court grant this request for voluntary remand, Commerce intends to treat Tokyo Steel as a mandatory respondent in the administrative review in light of the Federal Circuit's decision in *YC Rubber Co. (N. Am.) LLC v. United States*, No. 2021-1489, 2022 WL 3711377 (Fed. Cir. Aug. 29, 2022).

## ARGUMENT

Under these circumstances, remanding this matter is appropriate. "When an agency action is reviewed by the courts, . . . the agency may request a remand, without confessing error, to reconsider its previous position." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed.

3

Cir. 2001). Indeed, under the circumstances here, which involve Commerce curing the legal defects alleged by Optima Steel, "a remand to the agency is required, absent the most unusual circumstances verging on bad faith." *Id.* at 1029-30 (identifying the appropriateness of remand with respect to a change in policy relating to the interpretation of an ambiguous statute); *see also Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding that the district court abused its discretion in denying voluntary remand that would have "cure{d} the very legal defects asserted by plaintiffs challenging federal action.").

Voluntary remand is consistent with the principle that "{a}dministrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider." *Trujillo v. General Elec. Co.*, 621 F.2d 1084, 1086 (10th Cir. 1980) (citing *Albertson v. FCC*, 182 F.2d 397, 399 (D.C. Cir. 1950)). Remand is "usually appropriate" if "the agency's concern is substantial and legitimate." *SKF*, 254 F.3d at 1029. Commerce's concerns are substantial and legitimate where: (1) "Commerce has provided a compelling justification for its remand request," (2) "the need for finality - although an important consideration - does not outweigh the justification for voluntary remand presented by Commerce," and (3) the "scope of Commerce's remand request is appropriate." *Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v. United States*, 412 F. Supp. 2d 1330, 1336-39 (Ct. Int'l Trade 2005).

Our request in this case meets that standard. First, we seek a voluntary remand for Commerce to treat Tokyo Steel as a mandatory respondent in light of *YC Rubber*. In this administrative review, Commerce initially only selected one mandatory respondent, NSC, a decision that has been challenged by Optima Steel in this case. In *YC Rubber*, the Federal Circuit held that, when Commerce limits its investigation to fewer than all exporters or producers

4

involved in a review, the "reasonable number" referenced in 19 U.S.C. § 1677f-1(c)(2) "is generally more than one." *Id.* at *4. Commerce intends to treat Tokyo Steel as a mandatory respondent to ensure its compliance with *YC Rubber*, which is a compelling justification for remand. *See Baroque Timber Indus. (Zhongshan) Co., Ltd. v. Untied States*, 925 F. Supp. 2d 1332, 1339 (Ct. Int'l Trade 2013) ("Clarifying and correcting a potentially inaccurate determination is a compelling justification.") (citation omitted).

Second, Commerce's justification is not outweighed by the need for finality. *See id.* Indeed, Optima Steel challenges Commerce's decision not to treat Tokyo Steel as a mandatory respondent. Compl. ¶¶ 19-22. On remand, Commerce will provide the specific relief that Optima Steel seeks. Thus, "remanding for reconsideration now essentially expedites relief that {the plaintiff} seeks and may obviate the necessity for remand (or, perhaps, any proceedings) later." *Borusan Mannesmann Pipe U.S. Inc. v. United States*, No. 20-00012, 2020 WL 3470104, at *4 (June 25, 2020).

Third, the scope of our request is appropriate to the issues that have been raised. Commerce intends to treat Tokyo Steel as a mandatory respondent on remand, which is a claim specifically raised by Optima Steel in its complaint. Further, Commerce intends to make its best effort to complete the entire review process – a process that normally takes a year to 18 months to complete – in just 180 days. Should additional time be required due to the amount or complexity of issues or due Tokyo Steel's own requests for extensions, we may make additional requests for time, as needed. In seeking this amount of time to complete review of Tokyo Steel as a mandatory respondent, we have taken into consideration the impact of other responsibilities of the Commerce team assigned to this matter, including those with statutory deadlines. We have also taken into consideration the steps necessary to complete this remand, including:

5

issuing questionnaires, reviewing the submitted questionnaire responses, issuing supplemental questionnaires as necessary, preparing a preliminary determination on which parties will comment and provide rebuttals, analyzing the comments and rebuttal comments, conducting a hearing if requested, preparing responses to the comments and rebuttal comments, and preparing the final results for filing with the Court.

In sum, a remand will foster the just, speedy, and inexpensive resolution of this case. USCIT R. 1.  Remand will also conserve judicial resources on a matter that may well be mooted or resolved by the agency action in this matter.  Commerce's request is thus substantial and legitimate, and the Court should grant it.

## CONCLUSION

For these reasons, we respectfully request that the Court vacate the current briefing schedule and remand this matter to Commerce.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | /s/ Tara K. Hogan<br>TARA K. HOGAN<br>Assistant Director |
| OF COUNSEL:<br>DAVID W. RICHARDSON<br>Senior Counsel<br>Office of the Chief Counsel<br>  for Trade Enforcement & Compliance<br>U.S. Department of Commerce | /s/ Kyle S. Beckrich<br>KYLE S. BECKRICH<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044<br>Telephone: (202) 616-9322<br>Email: Kyle.Beckrich@usdoj.gov |
| August 9, 2023 | Attorneys for Defendant |