UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| OPTIMA STEEL INTERNATIONAL, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES, <br><br> *Defendant*, <br><br> and <br><br> NUCOR CORPORATION, <br><br> *Defendant-Intervenor*. | Before: Stephen Alexander Vaden, Judge <br><br> Court No. 1:23-cv-00108 |

# ORDER

In response to Plaintiff's Complaint in this action, Defendant the Department of Commerce has requested a voluntary remand; and, if granted, Commerce "intends…to treat Tokyo Steel Manufacturing Co., Ltd. (Tokyo Steel) as a mandatory respondent in the administrative review." Def.'s Motion for Voluntary Remand at 2, ECF No. 22.  Plaintiff consents to Defendant's request, and Defendant-Intervenor Nucor Group "takes no position on the motion." *Id.* at 3.  For the reasons outlined below, Commerce's request for voluntary remand is **GRANTED.**

## STANDARD OF REVIEW

An agency may request a remand "even if there are no intervening events… (without confessing error) in order to reconsider its previous position." *SKF USA,*

*Inc. v. United States*, 254 F.3d 1022, 1028 (Fed. Cir. 2001). In such a case, "the reviewing court has discretion over whether to remand." *Id.* However, "if the agency's concern is substantial and legitimate, a remand is usually appropriate." *Id.* The Court is "free, within reasonable limits, to set the parameters of the remand." *Trent Tube Div., Crucible Materials Corp. v. Avesta Sandvik Tube AB*, 975 F.2d 807, 814 (Fed. Cir. 1992).

## ANALYSIS

The present circumstances justify a remand. Commerce's request for a remand so that it may treat Tokyo Steel as a mandatory respondent, consistent with the Federal Circuit's opinion in *YC Rubber*, satisfies the "substantial and legitimate" standard. *See YC Rubber Co. (N. Am.) LLC v. United States*, No. 2021-1489, 2022 WL 3711377 (Fed. Cir. Aug. 29, 2022). It also will have the effect of providing relief on as many as three of Plaintiff's four claims. *See* Compl. ¶¶ 19-24, ECF No. 7; Def.'s Motion for Voluntary Remand at 6, ECF No. 22. Allowing Commerce to treat Plaintiff as a mandatory respondent and conduct a review of its exports of certain hot rolled steel flat products from October 1, 2000 to September 30, 2021, will focus any remaining inquiries following remand on the substance of Commerce's findings rather than procedural errors and may even pretermit the action entirely. Remand thus will facilitate any further judicial review that may be necessary.

The Court therefore **GRANTS** remand for up to 180 days. At or before the conclusion of 180 days, Commerce shall file its remand redetermination.

It is also **ORDERED** that, within fourteen days of the filing of the remand redetermination, the parties shall submit a proposal for how this case shall proceed.

**SO ORDERED.**

/s/ Stephen Alexander Vaden

Stephen Alexander Vaden, Judge

Dated: August 11, 2023
New York, New York